**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH J. KORFF, | ) | Case No.:  4:10-CV-02662 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge David D. Dowd, Jr. |
| vs. | ) | |
| | ) | |
| HILTON RESORTS CORPORATION | ) | **DEFENDANT'S MOTION TO** |
| D/B/A HILTON GRAND VACATIONS, | ) | **DISMISS FOR FAILURE TO** |
| | ) | **STATE A CLAIM UPON WHICH** |
| Defendants. | ) | **RELIEF CAN BE GRANTED** |

Defendant, Hilton Resorts Corporation d/b/a Hilton Grand Vacations, hereby moves this Court pursuant to Rule 12(b)(6) to dismiss the Complaint of Plaintiff, Joseph J. Korff ("Mr. Korff"), for failure to state a claim upon which relief can be granted.  Mr. Korff's Complaint alleges fraudulent inducement claims, but the claims are barred by the parol evidence rule.  Furthermore, three of the four claims are barred because they are based upon alleged misrepresentations concerning future acts.  As a matter of law, fraudulent inducement claims cannot be based upon representations concerning future acts.

A Memorandum in Support is attached and incorporated by reference.

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP


 */s/ Michael J. Matasich*
David L. Drechsler, Esq. (#0042620)
Michael J. Matasich, Esq. (#0078333)
1375 E. 9th St. - Suite 1700
Cleveland,   OH    44114
Phone: (216) 621-5300
Fax: (216) 621-5440
Email:   ddrechsler@bdblaw.com
              mmatasich@bdblaw.com

*Attorneys for Defendant,*
*Hilton Resorts Corporation d/b/a Hilton Grand*
*Vacations*

<u>**MEMORANDUM IN SUPPORT**</u>

**I.     STATEMENT OF THE CASE**

**A.     Introduction.**

Plaintiff, Joseph J. Korff ("Mr. Korff"), filed his Complaint against Defendant, Hilton Resorts Corporation d/b/a Hilton Grand Vacations ("Hilton Resorts"), on November 23, 2010. Mr. Korff's Complaint is based upon his purchase of a vacation ownership interest in 57th Street Vacation Suites in New York City, which includes the right to use vacation suites at that location and a membership in Hilton Grand Vacations Club exchange program.  Mr. Korff alleges that he was fraudulently induced by a Hilton Resorts' sale representative to purchase the vacation interest and he seeks to rescind the transaction, plus restitution, punitive damages, attorneys' fees and costs.

**B.     The Contract Documents.**

The relevant contract documents consist of, among others, the 57th Street Vacation Suites Vacation Ownership Interest Purchase Agreement ("Purchase Agreement") and 57th Street Vacation Suites Hilton Grand Vacations Club Statement of Understanding ("Statement of Understanding") (together referred to as the "Contract Documents").  True and accurate copies of the Purchase Agreement and Statement of Understanding are attached hereto as Exhibits A and B respectively.  Mr. Korff executed both the Purchase Agreement and the Statement of Understanding on January 24, 2010.

Section 12(a) of Purchase Agreement is a detailed integration clause.  It provides, in relevant part, that "[t]he 'Contract Documents" consist of (a) this Purchase Agreement; (b) the Deed; (c) the Note and Mortgage; (d) the Statement of Understanding; and (e) any changes to these documents."  Section 12(a) further provides that "[t]he entire agreement between you and the Seller will be contained in the Contract Documents."   Moreover, Section 12(a) explicitly

provides as follows:

> IT DOES NOT MATTER WHAT YOU ARE TOLD OR SHOWN, OR WHAT YOU MAY TELL OR SHOW THE SALESPEOPLE. ONLY WHAT IS WRITTEN IN THESE DOCUMENTS IS A PART OF THE CONTRACT DOCUMENTS.  YOU REALIZE: (1) OFTEN PEOPLE DO NOT FULLY UNDERSTAND EACH OTHER, ESPECIALLY WHEN THEY SPEAK AND DO NOT WRITE DOWN WHAT IS SAID AND (2) THE SELLER IS NOT PRESENT TO HEAR AND CONTROL WHAT SALESPEOPLE MAY TELL OR SHOW YOU.  SINCE THE SELLER DOESN'T KNOW AND CANNOT CONTROL EVERYTHING THAT IS SAID, AND TO AVOID MISUNDERSTANDINGS, ALL OF THE AGREEMENTS BETWEEN YOU AND THE SELLER ARE TO BE IN WRITING IN THE CONTRACT DOCUMENTS. YOU AND THE SELLER AGREE THAT NO ONE HAS PROMISED ANYTHING, EXCEPT WHAT IS WRITTEN IN THEM.

Consistently, a provision directly under Hilton Resort's signature line provides, in relevant part, "A contract will be created when and if the Seller signs this Agreement.  Only the Seller (or its authorized agent) can sign.  The salespeople Purchaser dealt with cannot sign this Agreement."

> The Statement of Understanding provides in relevant part:

> 13)  Purchase should be based upon one's personal vacation use and enjoyment and not with an expectation of financial or monetary advantage such as rental income, price appreciation through resale or tax advantage.

> 14)  You should not rely upon any oral representations as the basis for your purchase but rather only upon the purchase agreement and attendant documents provided at purchase.

> The Purchase Agreement also provides in Section 12(b) that the Purchase Agreement

"shall be governed under and interpreted and enforced in accordance with the laws of the State of New York."

**C.    Mr. Korff's Claims.**

Mr. Korff now claims that he was fraudulently induced to execute the Contract Documents.  Mr. Korff alleges that, during a sales presentation, sales representative Stephanie Abrams ("Ms. Abrams") made false representations which induced Mr. Korff to enter into the

Purchase Agreement.

Mr. Korff alleges four separate counts of fraudulent inducement:

- Count I - Ms. Abrams falsely represented that she is an owner in the same program that is the subject of the Contract Documents;

- Count II - Ms. Abrams falsely represented that the vacation ownership program would save Mr. Korff a significant amount of money as compared to normal market rates for Hilton Resort properties;

- Count III - Ms. Abrams falsely represented that she would be Mr. Korff's single point of contact once he signed up for the vacation ownership program, and that he would only need to contact her to arrange accommodations; and

- Count VI - Ms. Abrams falsely represented that Mr. Korff's assistant would be able to book hotel stays for both Mr. Korff and his employees once he was signed up for the vacation ownership program.

Mr. Korff alleges that he entered into the Contract Documents with Hilton in reliance upon these alleged fraudulent representations.

Mr. Korff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.  As a matter of both Ohio and New York law, the parol evidence rule bars claims based upon oral representations which occurred prior to the execution of an integrated contract. And although a fraudulent inducement claim is a narrow exception to the parol evidence rule, the exception does not apply when the alleged fraudulent misrepresentation varies the express terms of the integrated contract.

Furthermore, Counts II, III and IV are based upon alleged representations concerning future actions.  As a matter of both Ohio and New York law, a fraudulent inducement claim cannot be predicated upon representations relating to future actions.

## II.     LAW AND ARGUMENT

## A.     Motion to Dismiss Standards.

In deciding a motion to dismiss for failure to state a claim upon which relief can be

granted, "[t]he plaintiffs' factual allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiffs."  *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 352 (6th Cir. 2008).  A complaint must be dismissed if "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim[s] which would entitle [them] to relief." *Id.*

While the Court is generally limited to the allegations of the complaint and the exhibits thereto in deciding a 12(b)(6) motion, where the plaintiff has referenced documents in the complaint which are central to his claims, the documents are deemed to be a part of the pleadings before the court and may be considered, even if the documents are not physically affixed to the complaint.  *Teagardener v. Republic-Franklin, Inc. Pension Plan*, 909 F.2d 947, 949 (6th Cir. 1990).

Mr. Korff's Complaint should be dismissed pursuant Fed. R. Civ. P. 12(b)(6) because, beyond doubt, Mr. Korff can prove no set of facts in support of his claims which would entitle him to relief.

**B.      Plaintiff's Fraudulent Inducement Claims Are Barred by the Parol Evidence Rule.**

Plaintiff has asserted fraudulent inducement claims under Ohio law, alleging that Hilton's sale representative made oral misrepresentations which induced him to enter into the Contract Documents.  Plaintiff's claims are actually governed by New York law pursuant to the Purchase Agreement's choice of law clause.  Regardless, under both Ohio law and New York law, Plaintiff's claims are barred by the parol evidence rule.

The parol evidence rule is actually not a rule of evidence, but substantive law, and it provides that a final, written, integrated agreement may not be varied, contradicted or supplemented by prior oral representations.  *Williams v. Spitzer Autoworld Canton, L.L.C.*, 122 Ohio St.3d 546, 549 (Ohio 2009).  "The principal purpose of the parol evidence rule is to protect

6

the integrity of written contracts." *Id.*  By prohibiting evidence of prior oral representations, "the rule seeks to ensure the stability, predictability, and enforceability of finalized written instruments." *Id.*; see, also, *Primex Int'l Corp. v. Wal-Mart Stores*, 89 N.Y.2d 594, 600 (N.Y. 1997) (describing the parol evidence rule and its purpose in the same manner).

An integration clause is in essence a contractual embodiment of the parol evidence rule. *Rucker v. Everen Secs., Inc.*, 102 Ohio St. 3d 1247, 1248 (Ohio 2004) (Sweeney, J. dissenting). "Integration" means that the contract is "the full expression of the parties' agreement, so that all earlier agreements are superseded, the effect being that neither party may later contradict or add to the contractual terms." *Williams v. Spitzer Autoworld Canton, L.L.C.*, 122 Ohio St. 3d 546, 553 (Ohio 2009) (Cupp, J., concurring).  Integrations clauses are valid and enforceable under both Ohio and New York law.  See *Jackson v. Stocker Dev. Ltd.*, 5th Dist. No. , 2008-Ohio-5337, ¶15 (Ohio App. 2008) (integration provisions in contracts are enforceable); *General Bank v. Mark II Imports, Inc.*, 293 A.D.2d 328, 329 (N.Y. App. 2002) (enforcement of prior promises foreclosed by integration clause in subsequent signed writing).

A fraudulent inducement claim is an exception to the parol evidence rule.  However, the exception is narrow, and it does **not** apply when alleged misrepresentation contradicts the signed writing, or when the alleged oral agreement pertains to the same subject matter as the signed writing, yet has different terms.  E.g., *National/Rs, Inc. v. Huff*, 10th Dist. No. 10AP-306, 2010-Ohio-6530, ¶25, citing *Marion Production Credit Assn. v. Cochran*, 40 Ohio St. 3d 265, (Ohio 1988), paragraph three of the syllabus.

New York law consistently provides that the parol evidence rule bars fraudulent inducement claims based upon prior representations which contradict the terms of the signed writing.  E.g., *Harris v. Hallberg*, 36 A.D.3d 857, 859 (N.Y. App. 2007).  In fact, New York law

takes it a step further and provides that, even if the alleged fraudulent representation does not directly contradict the signed writing, the claim is still barred if the alleged misrepresentation would "so vary" the signed writing or if it is of such importance that it normally would have been incorporated into the signed writing. *New York Fruit Auction Corp. v. City of New York*, 81 A.D.2d 159, 166 (N.Y. 1981).

Mr. Korff alleges four counts of fraudulent inducement, each of one which is based upon alleged misrepresentations made by Hilton Resorts' sales representative prior to Mr. Korff's execution of the Contract Documents.  The Contract Documents, however, are completely integrated.  Section 12(a) of the Purchase Agreement lists which documents constitute the "Contract Documents," including the Purchase Agreement and Statement of Understanding, and expressly provides, **"[t]he entire agreement between you and the Seller will be contained in the Contract documents**."  The Purchase Agreement also explicitly states that **a contract will only be created when Hilton Resorts signs the Purchase Agreement, and that sales representatives cannot sign it**.

Moreover, in Section 12(a) of the Purchase Agreement, in conspicuous, all capital letters, the parties agreed that **statements by the sales representative are not binding and are not part of the contract between Plaintiff and Hilton Resorts**.  The parties further agreed that **no one has promised anything, except what is included within the written Contract Documents**.

The Statement of Understanding consistently advises Mr. Korff that he "**should not rely upon any oral representations as the basis for [his] purchase but rather only upon the purchase agreement and attendant documents provided at purchase.**"

Notwithstanding the clear language of the Contract Documents, Mr. Korff now claims

8

that he relied upon the representations of the sales representative, and that her representations induced him to enter into the Contract Documents.  Mr. Korff's allegations directly contradict the express terms of the Contract Documents.  He agreed that he was not relying on any such representations and that any such representations are not binding and not part of the agreement. As a matter of Ohio and New York law, Mr. Korff's fraudulent inducement claims based upon alleged fraudulent representations made by Hilton Resorts' sales representative are barred by the parol evidence rule.

Furthermore, the Statement of Understanding provides that Plaintiff's "[p]urchase should be based upon [his] personal vacation use and enjoyment and not with an expectation of financial or monetary advantage such as rental income, price appreciation through resale or tax advantage."  Plaintiff alleges in his Complaint, however, that he is a business owner and that the sales representative's representations led him to believe that he would save money by allowing his sales people to stay at Hilton hotels when travelling.  Again, these allegations are directly contradicted by the Contract Documents and; therefore, Mr. Korff's claims are barred by the parol evidence rule.

Accordingly, Mr. Korff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

**C.     A Fraudulent Inducement Claim Cannot be Predicated Upon Representations Relating to Future Actions or Conduct.**

As a matter of Ohio and New York law, a fraudulent inducement claim cannot be predicated upon representations relating to future actions and conduct.  E.g., *Tibbs v. Natl. Homes Constr. Corp.*, 52 Ohio App.2d 281, 286 (Ohio App. 1977) (whether asserted as an affirmative claim or as a ground for avoidance of a contract, representations as to what will be performed or will take place in the future cannot serve as a basis for a fraudulent inducement

9

claim); *New York Fruit Auction Corp. v. City of New York*, 56 N.Y.2d 1015, 1017 (N.Y. 1982) (representations of future intent cannot serve as a basis for fraudulent inducement allegations). Rather, a fraudulent inducement claim can only be predicated upon a false representation concerning an existing fact.  *Tibbs*, 52 Ohio App.2d at 286.

In the Ohio case of *Hancock, Jr. v. Longo*, for example, the plaintiff alleged that the defendants fraudulently induced him to enter into a franchise agreement by promising that they "*would*" provide training, they "*would*" assist him with advertising and marketing, they "*would*" continue to sell chicken, and they "*would*" otherwise assist the plaintiff with his business operations.  10th Dist. No. 98AP-1518, 1999 Ohio App. LEXIS 4826 (Ohio App. Oct. 14, 1999). The trial court entered summary judgment against the plaintiff and the appellate court affirmed, holding that the representations concerned future actions, not present facts; therefore, the fraudulent inducements claims failed as a matter of law.  *Id*. at *17

Similarly, in the New York case of *Hotel 71 Mezz Lender LLC v. Mitchell*, the appellate court affirmed summary judgment against the debtor on his fraudulent inducement allegations because they were grounded upon promises to perform future acts.  63 A.D.3d 447 (N.Y. App. 2009).  The court explained that a promise to perform a future act may form a contract, and that failure to perform the future act may amount to a breach of contract, but the failure to perform the future act cannot form the basis of a fraudulent inducement claim.  *Id*. at 448.

Counts II, III and IV of Mr. Korff's Complaint are based upon alleged representations concerning future actions: Count II alleges that Ms. Abrams represented that the transaction "*would*" save him money; Count III alleges that Ms. Abrams represented that she "*would*" be his single point of contact; and Count IV alleges that Ms. Abrams represented that Mr. Korff's assistant "*would*" be able to book hotel stays on behalf of Mr. Korff and his employees.  As a

matter of both Ohio and New York law, fraudulent inducement claims cannot be predicated upon representations relating to such future actions.[1]

Mr. Korff's Counts II, III and IV, therefore, fail to state claims upon which relief can be granted and those Counts should be dismissed.

## III.  CONCLUSION

Hilton Resorts respectfully requests this Court to dismiss Mr. Korff's Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

 */s/ Michael J. Matasich*
David L. Drechsler, Esq. (#0042620)
Michael J. Matasich, Esq. (#0078333)
1375 E. 9th St. - Suite 1700
Cleveland,  OH   44114
Phone: (216) 621-5300
Fax: (216) 621-5440
Email:   ddrechsler@bdblaw.com
               mmatasich@bdblaw.com

**Attorneys for Defendant,**
**Hilton Resorts Corporation d/b/a Hilton Grand**
**Vacations**

---

[1] Had the parties not entered into the fully integrated written Contract Documents, perhaps Mr. Korff could have alleged breach of contract claims in Counts II, III and IV, as failure to perform a future act as promised may give rise to a breach of contract claim.  But the parties did enter into the fully integrated written Contract Documents, which bars Mr. Korff's claims, whether sounding in fraud or contract, under the parol evidence rule

## CERTIFICATE OF SERVICE

I hereby certify that *Defendant Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted* was electronically filed via the Court's electronic filing system this 3rd day of February, 2011.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All parties may access a copy of this filing via the Court's electronic filing system.

/s/ Michael J. Matasich

«CL2:379569_1»