IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH J. KORFF<br><br>*Plaintiff,*<br><br>v.<br><br>HILTON RESORTS CORPORATION D/B/A HILTON GRAND VACATIONS<br><br>*Defendant.* | CASE NO.: 4:10 CV 02662<br><br>Judge David D. Dowd, Jr.<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** |

## INTRODUCTION

Defendant Hilton Resorts Corporation d/b/a Hilton Grand Vacations ("Defendant" or "Hilton") has moved to dismiss this action for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). Defendant argues that Plaintiff Joseph Korff's ("Plaintiff or Korff") claims for fraudulent inducement are barred by the parol evidence rule as well as being based upon alleged misrepresentations of future acts. For the following reasons, Defendant's motion to dismiss must be denied.

## BACKGROUND

In January of 2010, Plaintiff Joseph Korff sat through a sales presentation for a time share put on by Hilton Grand Vacations while he was traveling in New York City. Complaint, ¶ 1-2.

Korff was initially unresponsive to the idea of purchasing a time share, but was informed by the presenter that, as a business owner, he could use such a program to allow his sales people to stay in Hilton hotels for the equivalent cost of staying at a less-expensive hotel chain. He was further assured that by signing up with the program that he would be saving money on hotel stays. Complaint, ¶ 3.

After agreeing to sign up for the program and put down a deposit, Plaintiff later came to learn that almost none of the representations that were made to him at the initial presentation were true, and in fact, many of them were patently false. Prior to filing the instant action, Plaintiff tried on numerous occasions to negotiate with Hilton to restructure his time-share program so as to make it a cost effective purchase, only to be shuffled from person to person, ignored, and ultimately rebuffed during each attempt.

## ARGUMENT

Defendant Hilton's motion to dismiss must be denied for at least three reasons: (1) Plaintiff's claims have a substantial basis in fact; (2) the parol evidence rule is not a bar to fraud claims; and (3) the fact that a claim for fraudulent inducement is based on a misrepresentation as to future acts does not warrant dismissal of the claim under Ohio law.

### I. Plaintiff Korff's claims have a substantial factual basis, and thus must survive a rule 12(b)(6) motion.

In reviewing a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right of relief above the speculative level . . . on the assumption that all the allegations are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (1965).

Plaintiff has alleged four counts of fraud in the inducement in his complaint. Complaint, ¶ 38-70. To prevail on a claim of fraud in the inducement, a plaintiff must prove: (1) a

representation; (2) material to the transaction; (3) made falsely, with knowledge of its falsity; (4) with the intent of misleading another into relying upon the false statement; (5) justifiable reliance on the representation; and (6) resulting injury proximately caused by such reliance. *Onyx Environmental Services, LLC v. Maison*, 407 F. Supp. 2d 874, 878 (N.D. Ohio 2005). *See also Burr v. Bd. of County Comm'r of Stark County,* 23 Ohio St.3d 69, 491 N.E.2d 1101 (1986); *ABM Farms, Inc. v. Woods,* 81 Ohio St.3d 498, 502, 692 N.E.2d 574 (1998).

Without restating his entire complaint, Plaintiff has made sufficient factual allegations to satisfy the elements of fraudulent inducement, and thus survive a rule 12(b)(6) motion. None of the allegations in Plaintiff's complaint are speculative in any sense. They refer to concrete occurrences and representations that can be substantiated with evidence.

Defendant contends that "where the plaintiff has referenced documents in the complaint which are central to his claims, the documents are deemed to be a part of the pleadings before the court and may be considered, even if the documents are not physically affixed to the complaint." Motion to Dismiss, pg. 6. Defendant uses *Teagardener v. Republic-Franklin, Inc. Pension Plan* as the only authority to support this argument. 909 F.2d 947 (6th Cir. 1990).

Plaintiff responds by stating that the contract is not central to his claims. In this and most fraudulent inducement cases, the contents of any written agreement are relevant only to illustrate that the representations which were made are substantially at odds to what the written contract contains.

Furthermore, Defendant's use of *Teagardener v. Republic-Franklin, Inc. Pension Plan* to support its argument is incorrect. The Sixth Circuit in *Teagardener* noted that despite the fact that the plaintiffs in that case did not attach a particular document to their complaint, that they had nonetheless "quoted extensively from it," thus making it central to the plaintiff's complaint.

*Teagardener,* 909 F.2d at 950. This is not the case in the present action. At no point in Plaintiff's complaint did he quote from the contract or even refer to it, nor did he seek to invoke any of its terms. This action is not based in contract law, and the subject contract is certainly not "central" to Plaintiff's claims.

Consequently, because Plaintiff has asserted factual allegations to raise a right of relief beyond the speculative level, and because Plaintiff has not made the subject contract central to any of his claims, Defendant's motion must be denied.

**II.     Claims for fraudulent inducement are not based in contract law, but rather in tort, and thus cannot be barred by the parol evidence rule.**

The parol evidence rule is only applicable to claims based in contract law. A. Corbin, CONTRACTS, § 578, p. 403 (2d ed.1960). The purpose of the parol evidence rule is to exclude evidence which would repudiate certain terms of a contract, in instances where there is evidence to demonstrate that the contact was intended to be fully integrated. Blackledge v. Allison, 431 U.S. 63, n. 6 (1977). Claims for fraudulent inducement do not sound in contract law, but rather, are based in tort.

Under Ohio law, "the parol evidence rule does not prohibit a party from introducing parol or extrinsic evidence for the purpose of proving fraudulent inducement." Galmish v. Cicchini, 734 N.E.2d 782, 789 (Ohio 2000); Drew v. Christopher Constr. Co., Inc. 140 Ohio St. 1 (1942).

Defendant is essentially arguing in its motion that, because the subject contract was integrated, that no claim for fraudulent inducement can withstand a motion to dismiss. Motion to Dismiss, pgs. 2-4. This argument is patently untrue. The principle of admitting extrinsic evidence in instances of fraud "does not lose its force merely because the considered written agreement contains an integration clause." *Galmish,* 734 N.E.2d at 790. Defendant even goes on to quote one of the more egregious clauses in the contract, which reads:

> **IT DOES NOT MATTER WHAT YOU ARE TOLD OR SHOWN**, OR WHAT YOU MAY TELL OR SHOW THE SALESPEOPLE. ONLY WHAT IS WRITTEN IN THESE DOCUMENTS IS A PART OF THE CONTRACT DOCUMENTS. YOU REALIZE: (1) OFTEN PEOPLE DO NOT FULLY UNDERSTAND EACH OTHER, ESPECIALLY WHEN THEY SPEAK AND DO NOT WRITE DOWN WHAT IS SAID AND (2) THE SELLER IS NOT PRESENT TO HEAR AND CONTROL WHAT SALESPEOPLE MAY TELL OR SHOW YOU. SINCE THE SELLER DOESN'T KNOW AND CANNOT CONTROL EVERYTHING THAT IS SAID, AND TO AVOID MISUNDERSTANDINGS, ALL OF THE AGREEMENTS BETWEEN YOU AND THE SELLER ARE TO BE IN WRITING IN THE CONTRACT DOCUMENTS. YOU AND THE SELLER AGREE THAT NO ONE HAS PROMISED ANYTHING, EXCEPT WHAT IS WRITTEN IN THEM. (emphasis added)

If contractual terms such as the above paragraph were held to prohibit subsequent claims for fraudulent inducement, then "fraudulent inducement" as a valid legal claim would be rendered a nullity. The above clause would essentially grant any and all salespersons not only a license to lie, but *incentive to lie*, allowing them to escape any liability for their deceptions once a signature is obtained. The ability of defendants to use the parol evidence rule as a shield to foreclose proof of fraud would completely prevent any court from voiding an agreement that was the product of fraudulent dealing. This is not the rule in Ohio.

> The principle which prohibits the application of the parol-evidence rule in cases of fraud inducing the execution of a written contract has been regarded as being as important and as resting on as sound a policy as the parol evidence rule itself. It has been said that if the courts were to hold, in an action on a written contract, that parol evidence should not be received as to false representations of fact made by the plaintiff, which induced the defendant to execute the contract, they would in effect hold that the maxim that fraud vitiates every transaction is no longer the rule; and *such a principle would in a short time break down every barrier which the law has erected against fraudulent dealing.* (emphasis added).
>
> *Parol-Evidence Rule; Right to Show Fraud in Inducement or Execution of Written Contract*, 56 A.L.R. 13, 34-36 (1928).

Extrinsic evidence can always be presented to demonstrate fraud. Consequently, Defendant's motion to dismiss based on the parol evidence rule must be denied.

### III. Misrepresentations as to future acts may form the basis of a fraudulent inducement claim.

Defendant contends that "three of the four claims are barred because they are based upon alleged misrepresentations concerning future acts." Defendant goes on to state that "as a matter of law, fraudulent inducement claims cannot be based upon representations concerning future acts." Motion to Dismiss, pg. 1. Defendant's argument is incorrect.

Defendant relies upon *Tibbs v. Natl. Homes Constr. Corp.* as authority to support its argument that claims for fraudulent inducement must be based on existing or past facts. 52 Ohio App.2d 281, 286 (Ohio App. 1977). However, Defendant has selectively chosen its quotations, ignoring the entire rule of *Tibbs*. The court in *Tibbs* held that misrepresentations as to future events do in fact form an adequate basis for a fraud claim when it can be demonstrated that a "malefactor…has no intention of keeping his promise." *Tibbs,* 52 Ohio App. 2d at 289. The *Tibbs* court held that fraud can be proven based on misrepresentations of future acts when "the requisite misrepresentation of an existing fact is said to be found in the lie as to his existing mental attitude and present intent." *Id.* The court in *Tibbs* then goes on to cite several additional cases that also support this rule. *See Monaghan v. Rietzke* 85 Ohio App. 497 (1949); *Dozier v. Keller*, 73 Ohio App. 321 (1944).

The best (and most recent) statement of the Ohio fraudulent inducement doctrine comes from the case of *Williams v. Edwards,* in which the court states that "fraud is generally predicated on a misrepresentation relating to a past or existing fact, and not on promises or representations relating to future actions or conduct." 129 Ohio App.3d 116 (1st Dist. 1998). However, the court goes on to state that "an exception to this rule exists, however, where an

individual makes a promise concerning a future action, occurrence, or conduct and, at the time he makes it, has no intention of keeping the promise. In such a case, the individual possesses actual fraudulent intent and a claim for fraud may be asserted against him." *Id.*

Plaintiff asserted in his complaint that Defendant's agent knew of the falsity of her forward-looking statements *at the time they were made*. Under the rule of *Tibbs*, *Monaghan, Dozier,* and *Williams,* this is a sufficient factual basis to substantiate a claim for fraud in the inducement. As a result, Plaintiff has an adequate basis for all four of his fraudulent inducement claims, and Defendant's motion to dismiss must be denied.


**CONCLUSION**

The Defendant would have this court rule that carefully phrased contractual terms allow a business to lie as much as it wants to prospective customers, so long as that customer provides their signature after the fact. This is not the rule, and cannot be the rule, unless we are to relegate the claim of fraudulent inducement to the jurisprudential dustbin of history, and accept that corporations can forever lie to us, and escape any and all liability for their deceit.

Based on the foregoing reasoning and case law, Defendant's motion to dismiss this action for failure to state a claim must be denied.

*Respectfully Submitted,*

Date: ___February 7, 2011_____    */s/ Geoffrey D. Korff*

Geoffrey D. Korff, esq. (0084264)
THE KORFF LAW FIRM, LLC
310 East Euclid Avenue
Salem, OH 44460
Email: geoff@korfflaw.com
Phone: (330) 332-7003
Fax: (330) 332-5655
*Counsel for Plaintiff*

## PROOF OF SERVICE

I hereby certify that a true and correct copy of Plaintiff's *Memorandum in Opposition to Defendant's Motion to Dismiss* was electronically filed via the Court's electronic filing system on this 7th day of February, 2011. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All parties may access a copy of this filing via the Court's electronic filing system.

*/s/ Geoffrey D. Korff*

Geoffrey D. Korff, esq. (0084264)
THE KORFF LAW FIRM, LLC
310 East Euclid Avenue
Salem, OH 44460
Email: geoff@korfflaw.com
Phone: (330) 332-7003
Fax: (330) 332-5655
*Counsel for Plaintiff*