**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH J. KORFF, | ) | Case No.: 4:10-CV-02662 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge David D. Dowd, Jr. |
| vs. | ) | |
| | ) | |
| HILTON RESORTS CORPORATION | ) | **DEFENDANT'S REPLY** |
| D/B/A HILTON GRAND VACATIONS, | ) | **MEMORANDUM IN SUPPORT OF** |
| | ) | **MOTION TO DISMISS FOR** |
| Defendants. | ) | **FAILURE TO STATE A CLAIM** |
| | ) | **UPON WHICH RELIEF CAN BE** |
| | ) | **GRANTED** |

Defendant, Hilton Resorts Corporation d/b/a Hilton Grand Vacations ("Hilton Resort"), hereby files its Reply Memorandum in Support of Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted.

**I.  The Parol Evidence Rule Bars Plaintiff's Claims Which Are Based Upon Alleged Oral Representations Made Prior to the Parties' Written Contract Documents.**

A. <u>Plaintiff admits that the misrepresentations allegedly made by Hilton Resort's sales representative contradict the express terms of the Contract Documents, which is an admission that Plaintiff's claims are barred by the parol evidence rule</u>.

As a matter of Ohio and New York law, the parol evidence rule bars claims based upon oral representations where the parties subsequently enter into a written contract. *E.g., Williams v. Spitzer Autoworld Canton, L.L.C.*, 122 Ohio St.3d 546, 549 (Ohio 2009); *Primex Int'l Corp. v.*

*Wal-Mart Stores*, 89 N.Y.2d 594, 600 (N.Y. 1997). A claim of fraudulent inducement based upon prior oral representations may provide for a narrow exception to the parol evidence rule. The narrow exception does not apply, however, when the oral representations contradict the signed writing or pertain to the same subject matter as the signed writing, but has different terms. E.g., *National/Rs, Inc. v. Huff*, 10th Dist. No. 10AP-306, 2010-Ohio-6530, ¶25, citing *Marion Production Credit Assn. v. Cochran*, 40 Ohio St. 3d 265 (Ohio 1988), paragraph three of the syllabus; *Harris v. Hallberg*, 36 A.D.3d 857, 859 (N.Y. App. 2007).

The exception does not apply here, as **Plaintiff, Joseph J. Korff ("Plaintiff"), admits on page 3 of his opposition memorandum that his fraudulent inducement allegations contradict the parties' Contract Documents**.[1] Plaintiff states, "In this and most fraudulent inducement cases, the contents of any written agreement are relevant only to illustrate that the representations which were made are **substantially at odds** to what the written contract contains." (emphasis added). In other words, the oral representations which form the basis of Plaintiff's fraudulent inducement claims **contradict** the parties' written Contract Documents and, therefore, this lawsuit must be dismissed.

B. <u>The parol evidence rule bars contract claims **and** tort claims, such as Plaintiff's fraudulent inducement claims.</u>

Plaintiff argues that the parol evidence rule only bars claims based in contract, not tort. That is not correct. The parol evidence rule does bar tort claims, such as Plaintiff's fraudulent inducement claims. As held by the appellate court in the *National/Rs, Inc.* case:

> [T]he parol evidence rule may not be avoided "by a fraudulent inducement claim which alleges that the inducement to sign the writing was a promise, the terms of which are directly contradicted by the signed writing. Accordingly, an oral

---

[1] The "Contract Documents" for purposes of Hilton Resort's Motion to Dismiss consist of the parties' 57th Street Vacation Suites Vacation Ownership Interest Purchase Agreement and 57th Street Vacation Suites Hilton Grand Vacations Club Statement of Understanding, copies of which are attached to the Motion to Dismiss as Exhibits A and B respectively.

2

agreement cannot be enforced in preference to a signed writing which pertains to exactly the same subject matter, yet has different terms."

*National/Rs, Inc.*, 2010-Ohio-6530, ¶25, quoting *Marion Production Credit Assn.*, 40 Ohio St. 3d 265, paragraph three of the syllabus; *see*, *also*, *Williams v. Spitzer Autoworld Canton, LLC,* 122 Ohio St.3d 546, 2009-Ohio-3554, ¶16 ("the parol evidence rule has application to claims beyond those sounding in contract"), citing *Ed Schory & Sons, Inc. v. Soc. Natl. Bank* (1996), 75 Ohio St.3d 433, 440 (parol evidence rule applies to tort claims such as negligent misrepresentation).

The case of *Olah v. Ganley Chevrolet, Inc.* is a textbook example of the application of the parol evidence rule to a fraudulent inducement claim. 8th Dist. No. 94273, 2010-Ohio-5485. The plaintiffs purchased a car from the defendant. The written purchase contract indicated that the car was used and had 541 miles. The purchase contract further provided that it was "the entire agreement between the parties, and no other agreements or representations shall bind the parties." The plaintiffs subsequently filed a lawsuit claiming that the sales representative fraudulently induced them to enter into the purchase contract by falsely representing that the car was new and that its 541 miles were from test drives and dealer use. The plaintiffs asserted, among other claims, a CSPA violation and a fraudulent inducement claim. The plaintiffs won on those claims at trial.

The Eighth District Court of Appeals, however, reversed and entered judgment in the defendant's favor, holding that the parol evidence rule barred the plaintiff's claims. "The parol evidence rule is a rule of substantive law that has application to claims beyond those sounding in contract, including causes of action such as the CSPA." *Id*. at ¶12, citing *Williams,* 122 Ohio St.3d 546, 2009-Ohio-3554, ¶16. "The rule serves to protect the integrity of written contracts and to ensure the stability, predictability, and enforceability of finalized written instruments." *Id*.

citing *Williams,* 122 Ohio St.3d 546, 2009 Ohio 3554, ¶12.

In addressing the plaintiff's fraudulent inducement claim in particular, the appellate court held, "the parol evidence rule remains applicable in this case. Indeed, the parol evidence rule may not be avoided when the inducement to sign the writing was a promise that directly contradicts an integrated written agreement." *Id*. at ¶15, citing *Galmish v. Cicchini* (2000)*,* 90 Ohio St.3d 22, 29-30.

New York law consistently provides that the parol evidence rule bars fraudulent inducement claims based upon prior oral representations which contradict the terms of the signed writing, which would vary the signed writing, or which are of such importance that they normally would have been incorporated into the signed writing. E.g., *Harris* 36 A.D.3d 857, 859; *New York Fruit Auction Corp. v. City of New York*, 81 A.D.2d 159, 166 (N.Y. 1981). Plaintiff does not even address New York law in his opposition memorandum, conceding that the New York law would also bar his claims.

Thus, the parol evidence rule applies to both contract claims and tort claims, such as Plaintiff's fraudulent inducement claims. As Plaintiff's fraudulent inducement claims directly contradict the Contract Documents, as he readily admits, Plaintiff's claims should be dismissed.

C. <u>To allow claims based upon oral representations made prior to written contracts would vitiate the parol evidence rule, destroy the integrity of written contracts, and encourage fraud.</u>

Plaintiff argues that contract provisions similar to those at issue here create an incentive for sales representatives to lie. And it would therefore be bad policy to enforce. Plaintiff misses the point. The parol evidence rule merely protects against claims based on oral representations when a written contract exists.

"The principal purpose of the parol evidence rule is to protect the integrity of written

4

contracts. By prohibiting evidence of parol agreements, the rule seeks to ensure the stability, predictability, and enforceability of finalized written instruments." *Williams*, 122 Ohio St. 3d 546, 2009-Ohio-3554, ¶12, quoting *Galmish*, 90 Ohio St.3d at 27. Accordingly, a party has a duty to read the contract and to point out any errors, omissions or provisions which are not consistent with his understanding of the agreement prior to signing. *See Hadden Co., L.P.A. v. Del Spina*, 10th Dist. No. 03AP-37, 2003 Ohio 4507, P16 (Ohio App. Aug. 26, 2003). A party cannot sign the written contract, then later rely on evidence of prior oral representations to alter the terms of the written contract. *Id*.

To allow claims based upon prior oral representations, as Plaintiff is attempting to do, "obviously recreates the very danger against which the parol evidence rule . . . [was] supposed to protect -- the danger that a party, having agreed to a written contract that turns out to be disadvantageous, will falsely claim the existence of a different, oral contract." *Chimart Associates v. Paul*, 66 N.Y.2d 570, 574 (N.Y. 1986). "[F]reedom to contract would not long survive courts' ready remaking of contracts that parties have agreed upon." *Id*.

In other words, to allow persons, such as Plaintiff, to avoid the express terms of written contracts and assert claims based upon prior oral representations would vitiate the parol evidence rule and destroy the integrity of written contracts. If the alleged prior oral representations were truly material to Plaintiff and induced him to enter into the agreement, he should not have executed the Contract Documents in which he expressly disclaimed that he was relying upon any such representations and in which he agreed that any such representations were non-binding.

Under both Ohio and New York law, the parol evidence rule bars Plaintiff's fraudulent inducement claims. Plaintiff's claims should be dismissed.

D. <u>The Contract Documents are central to Plaintiff's claim and, therefore, can be considered by the Court in deciding Hilton Resort's Motion to Dismiss; Alternatively, the Court can convert the Motion to Dismiss into a Motion for Summary Judgment.</u>

Plaintiff also argues that the Court should ignore the Contract Documents in deciding Hilton Resort's Motion to Dismiss because the contract documents are not attached to his Complaint and are not central to his claims. Documents are deemed to be a part of the pleadings and may be considered for Civil Rule 12(b)(6) purposes where the plaintiff has referenced the documents in the complaint and the documents are central to his claims, even if the documents are not physically affixed to the Complaint. *Teagardener v. Republic-Franklin, Inc. Pension Plan*, 909 F.2d 947, 949 (6th Cir. 1990).

Plaintiff indisputably refers to the Contract Documents throughout his Complaint and the Contract Documents are central to his claims. Indeed, Plaintiff's entire Complaint is based upon his allegation that he was fraudulently induced to enter into the Contract Documents. His first request for relief seeks a declaration that the Contract Documents are void and unenforceable. His second claim for relief seeks restitution of the money he paid pursuant to the Contract Documents. The rest of the relief he seeks all relate to his allegation that he was fraudulently induced to enter into the Contract Documents. In the absence of the Contract Documents, Plaintiff would not even have a claim. The Contract Documents are clearly central to his claims.

Furthermore, on page 3 of his Memorandum in Opposition, Plaintiff states that the Contract Documents are relevant "to illustrate that the representations which were made are substantially at odds to what the written contract contains." Although his statement is legally flawed, his statement nonetheless is an admission as to the centrality of the Contract Documents to his claims.

Moreover, Plaintiff does not dispute the authenticity of the Contract Documents attached

to the Motion to Dismiss. Rather, he merely urges this Court to ignore them at this point in the case, thereby delaying the Court's ruling on this potentially dispositive issue. But even if this Court were to decide that it should not consider the Contract Documents for purposes of Hilton Resort's Motion to Dismiss, Civil Rule 12(d) authorizes the Court to convert the Motion to Dismiss into a Motion for Summary Judgment.[2] The material facts are still undisputed, and Hilton Resorts is entitled to judgment as a matter law.

## II. A Fraudulent Inducement Claim Cannot Be Predicated Upon Representations Relating to Future Actions or Conduct.

The rule under both Ohio and New York law is that a fraudulent inducement claim cannot be predicated upon representations relating to future actions and conduct. E.g., *Tibbs v. Natl. Homes Constr. Corp.*, 52 Ohio App.2d 281, 286 (Ohio App. 1977); *New York Fruit Auction Corp. v. City of New York*, 56 N.Y.2d 1015, 1017 (N.Y. 1982). Rather, a fraudulent inducement claim can only be predicated upon a false representation concerning an existing fact. *Tibbs*, 52 Ohio App.2d at 286.

Plaintiff cites an exception to the rule under Ohio law, that a fraudulent inducement claim may be based upon a defendant's promise concerning a future act where the defendant has no intention of performing the promise at the time the promise is made. But Plaintiff does not allege any such intention on the part of Hilton Resort's sales representative in the Complaint. Plaintiff only asserts that now in response to Hilton Resort's Motion to Dismiss.

Rather, in his Complaint, Plaintiff alleges that the sales representative represented that certain things "*would*" happen in the future, but did not. The plaintiff in the *Hancock, Jr. v. Longo* case discussed in Hilton Resort's Motion to Dismiss made the same types of allegations – that the defendants "*would*" do various things in the future. 10th Dist. No. 98AP-1518, 1999

---

[2] In the event the Court converts the Motion to Dismiss into a Motion for Summary Judgment, Plaintiff will submit an affidavit authenticating the Contract Documents.

7

Ohio App. LEXIS 4826 (Ohio App. Oct. 14, 1999). The court held that, even if the plaintiff's allegations are construed to be true, the claims fail as a matter of law because "fraud cannot be predicated upon promises or representations relating to future actions or conduct." *Id*. at 17.

Thus, in addition to being barred by the parol evidence rule, Plaintiff's claims also fail to state a claim upon which relief can be granted because fraud cannot be predicated upon a promise that something "*would*" happen in the future.

## III. CONCLUSION

For the reasons set forth in Hilton Resort's Motion to Dismiss and above, Hilton Resorts respectfully requests this Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

 */s/ Michael J. Matasich*
David L. Drechsler, Esq. (#0042620)
Michael J. Matasich, Esq. (#0078333)
1375 E. 9th St. - Suite 1700
Cleveland, OH 44114
Phone: (216) 621-5300
Fax: (216) 621-5440
Email:  ddrechsler@bdblaw.com
            mmatasich@bdblaw.com

*Attorneys for Defendant,*
*Hilton Resorts Corporation d/b/a Hilton Grand Vacations*

# CERTIFICATE OF SERVICE

I hereby certify that *Defendant's Reply Memorandum in Support of Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted* was electronically filed via the Court's electronic filing system this 24th day of February, 2011. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All parties may access a copy of this filing via the Court's electronic filing system.

/s/ Michael J. Matasich

«CL2:380415_1»